UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST CONTAINER &, | ) | |
| INDUSTRIAL SUPPLY CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00001-CMS |
| | ) | |
| HUB PLASTICS-MIDWEST, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand to State Court, the Circuit Court of Jefferson County. (Doc. 5). The motion is **GRANTED**.

## PROCEDURAL HISTORY

On December 3, 2025, Plaintiff Midwest Container & Industrial Supply Company ("Midwest Container") filed a petition for unlawful detainer pursuant to RSMo § 534.010 in Jefferson County Circuit Court. (Doc. 1-1 at 19). In its petition, Midwest Container alleged that it had terminated the lease of Defendant Hub Plastics-Midwest, LLC, ("Hub Plastics-Midwest") and "instructed" Hub Plastics-Midwest to vacate the property in question by November 21, 2025. (Doc. 1-1 at 12). As of December 3, 2025, Midwest Container claimed, Hub Plastics-Midwest remained on the property. (Doc. 1-1 at 13).

Midwest Container requested the following relief from the circuit court:

(A) Enter judgment in favor of [Midwest Container] and against [Hub Plastics-Midwest] ordering immediate return of the Premises;
(B) Enter judgment in favor of [Midwest Container] and against [Hub Plastics-Midwest] pursuant to statute in an amount equal to double the reasonable rental value of the Premises for each day or portion thereof that [Hub Plastics-Midwest] has held possession of the Premises prior to judgment;

1

(C) Enter judgment in favor of [Midwest Container] and against [Hub Plastics-Midwest] pursuant to statute in an amount equal to double the reasonable rental value of the Premises for each day from the date of judgment, until [Hub Plastics-Midwest] vacates the Property;
(D) Enter judgment in favor of [Midwest Container] and against [Hub Plastics-Midwest] for [Midwest Container]'s costs in bringing this action; and
(E) Award [Midwest Container] such other and further relief as the Court deems just and proper.

(Doc. 1-1 at 13-14).

On January 2, 2026, Hub Plastics-Midwest removed this case to federal court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). (Doc. 1-4 at 1). In its Notice of Removal, Hub Plastics-Midwest argued that the minimum amount in controversy was $94,853 – above the statutory minimum of $75,000. (Doc. 1 at 4-6).

Five days later, Midwest Container filed a Motion to Remand this case to state court. (Doc. 5). In its motion, Midwest Container credibly argues that the amount in controversy is well below $75,000. Along with its motion, Midwest Container also stipulated that "its claim for Unlawful Detainer… does not exceed $75,000.00 exclusive of interest and costs[.]" (Doc. 6-2 at 1).

## ANALYSIS

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A defendant seeking removal "bears the burden of establishing that the district court has original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (citation modified).

For a federal court to have diversity jurisdiction, the amount of "the matter in controversy" must exceed "the sum or value of $75,000, exclusive of interests and costs[.]" 28

U.S.C. 1332(a). ""It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); *Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assocs., Inc.*, 77 F.3d 1063, 1067–68 (8th Cir. 1996)). "Neither the existence of a valid defense nor subsequent events reducing the amount in controversy divest the court of jurisdiction." *Id.* at 822-23 (citations omitted). And post-removal events "do not oust the district court's jurisdiction once it has attached[.]" *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 292 (1938).

When the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue. *Jackson v. Fitness Resource Group, Inc.*, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citing *Turner v. Wal–Mart Stores East, LP*, No. 4:11 CV 541 CDP, Doc. 14, at *3 (E.D. Mo. May 4, 2011); *McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010)). "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading." *Ingram v. Procter & Gamble Paper Products Co.*, 2011 WL 1564060 at * 2 (E.D. Mo. Apr. 25, 2011).

Hub Plastics-Midwest has not born its burden to establish by a preponderance of the evidence that the amount in controversy at the time of removal exceeds $75,000 and that this Court has original jurisdiction. *See Knudson*, 634 F.3d at 975. In any event, Midwest Container's petition did not contain any definitive monetary request for relief. (Doc. 1-1 at 13-14). Its motion credibly argues that the amount in controversy in this unlawful detainer action does not exceed

3

$75,000, and its post-removal stipulation clarifies and confirms that it will seek to recover only an amount less than the statutory minimum. That binding stipulation[1] persuades the Court that Midwest Container cannot recover more than $75,000.00. Thus, it is a "legal certainty" that Midwest Container will not recover more than $75,000.00. *Jackson*, 2012 WL 2873668 at *5. This case is therefore remanded to Jefferson County Circuit Court for further proceedings. *See Burmeister v. Liberty Mut. Ins. Co.*, 2025 WL 2299467 (E.D. Mo. Aug 8, 2025).

**CONCLUSION**

**IT IS ORDERED:** Plaintiff's Motion to Remand to State Court to Circuit Court of Jefferson County (Doc. 5) is **GRANTED**. An Order of Remand, remanding this action to the Jefferson County Circuit Court, the Twenty-Third Judicial Circuit of Missouri, will be entered herewith.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March 2026.

---

[1] "[T]his type of sworn stipulation is binding upon plaintiff[ ] and may be enforced through appropriate sanctions." *Ingram*, 2011 WL 1564060 at *2, n.1 (citing *Fliter v. Werner Enters.*, 2005 WL 5834638, at *1 (E.D.Mo. Dec.14, 2005)).